■ In the Matter of B. CHILDREN. ST. CHRISTOPHER'S-JENNIE CLARKSON CHILD CARE SERVICES, INC., Appellant; MARIBEL R., Also Known as MARIBEL B., Respondent. MONICA DRINANE, Nonparty Appellant. [681 NYS2d 89] —In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the biological mother on the basis of permanent neglect, the petitioner and the Law Guardian for the children separately appeal from an order of the Family Court, Kings County (Porzio, J.), dated July 1, 1997, which, after a hearing, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

This proceeding to terminate parental rights involves four sisters, who range in age from six to twelve years old. The girls were placed in foster care in 1992 and were living with their mother on a trial basis in 1994, when she was diagnosed with breast cancer. The mother underwent surgery in July 1994 and the children returned to their foster parents in November 1994. In the period between October 1994 and August 1995, the mother underwent a bi-weekly regimen of chemotherapy treatments, which caused debilitating side effects, including nausea, dizziness, vomiting, fatigue, and memory loss. As a result of her illness, the mother often missed scheduled visits with her daughters.

We agree with the Family Court that the petitioner failed to

prove by clear and convincing evidence that the mother permanently neglected her children within the meaning of Social Services Law § 384-b (7) (a). It is undisputed that the petitioner fulfilled its statutory duty to exercise diligent efforts to strengthen the parental relationship. However, the evidence does not support a finding that despite these efforts, the mother did not, for a period of one year, maintain consistent contact with or plan for the future of her children although she was physically and financially able to do so (*see,* Social Services Law § 384-b [7] [a]; *Matter of Sheila G.,* 61 NY2d 368). In fact, the record reveals that the mother was, for the most part, physically unable to meet her parental obligations because of her medical problems. Miller, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.